UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ELMER BRYANT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:17CV880-PPS/MGG |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Elmer Bryant, a prisoner without a lawyer, filed this habeas corpus petition attempting to challenge the prison disciplinary hearing in case IYC 16-11-100 held at the Plainfield Correctional Facility on December 5, 2016, where he was found guilty of assaulting and battering a correctional officer in violation of Indiana Department of Correction (IDOC) policy A-117. ECF 2 at 1, 2-1 at 2. As a result, he was sanctioned with the loss of 57 days earned credit time. *Id.* The Warden has moved to dismiss the petition arguing that Bryant has not exhausted his administrative remedies. ECF 13, 14. Bryant has responded to the motion. ECF 15, 18. Thus the motion is fully briefed.

Principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark*, 978 F.2d 993, 994-95 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all administrative appeals, and must raise in those appeals any issue on which he seeks federal review. *Eads,* 280 F.3d at 729. In other

words, exhaustion requires that a prisoner present each claim he seeks to raise in his habeas petition at each level of the prison disciplinary process. *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002).

The Indiana Department of Correction has established a two-step administrative appeals process. The Disciplinary Code for Adult Offenders, Policy & Administrative Procedure No. 02-04-101, §§ X(A)-(D) (effective June 1, 2015). *See* https://www.in.gov/idoc/files/02-04-101_The_Disciplinary_Code_for_Adult_Offenders_6-1-2015.pdf. As to the first step, an offender is required to file a facility-level appeal within 15 days of the date of the disciplinary hearing or receipt of the disciplinary hearing report. *Id*. If the facility head denies the first appeal, the offender must then file a second-level appeal—within 15 days of the facility-level response—with the final reviewing authority. *Id*. In the second-level appeal, the offender may only assert those claims that were raised in the first-level appeal. *Id*.

In his petition, Bryant presents one ground which he claims entitles him to habeas corpus relief. ECF 2 at 2. In that ground, he argues that prison officials did not properly consider his mental health conditions during the disciplinary proceedings in his case. *Id*. However, in his petition, Bryant himself acknowledges that he did not raise this issue in either his facility-level appeal with the facility head or his second-level appeal with the final reviewing authority. *Id*. In this regard, he states: "This matter was not raised in the administrative appeal due to [his] mental condition to recognize and request someone to assist him while in the segregation unit." *Id*. In other words,

2

Bryant admits he failed to exhaust his administrative appeals as to the single ground he now raises in his petition.

In opposition to the motion to dismiss, Bryant claims he properly raised his mental health conditions in his administrative appeals, but his allegations are not supported by the record in this case. *See* ECF 15, 18. For example, he states he raised his mental health conditions in the first-level appeal he filed on December 5, 2016—the day of his hearing—but the hearing officer never processed his appeal. ECF 15 at 2, 18 at 2. He explains he then filed a grievance against the hearing officer because he failed to give his appeal documents to the administrative assistant for processing. ECF 13-2 at 10-11, 15 at 2-3. But even if he is correct that the hearing officer did not process his appeal documents, Bryant appears to have filed another first level-appeal. ECF 13-2 at 4-5. However, there is no mention in Bryant's handwritten appeal documents that he suffers from any mental health conditions. *See* ECF 13-1 at 1-3, 13-2 at 4-5. The court has thoroughly reviewed the documents contained in the record and can find no evidence to support Bryant's claim that he included his mental health conditions in any of his appeal documents. Accordingly, because Bryant did not raise the issue of his mental health conditions in his administrative appeals, it is procedurally defaulted.

Nevertheless, procedural default can be excused and the court can consider a claim that was not properly raised if a petitioner can demonstrate "cause and prejudice." *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013). Cause is "some external objective factor, such as interference by officials or unavailability of the factual

or legal basis for a claim, which impeded compliance with the state's procedural rule." *Barksdale v. Lane*, 957 F.2d 379, 385 (7th Cir. 1992). The only argument Bryant presents to overcome his failure to exhaust is that his mental health condition itself prevented him from properly working with his lay advocate to raise his mental health conditions in his administrative appeals and prepare his defense. ECF 2 at 2. However, mental illness is not an external objective factor which meets the requirement of "cause" in the cause and prejudice analysis. *Harris v. McAdory*, 334 F.3d 665, 669 (7th Cir. 2003) (holding that mental retardation, mental deficiencies, and mental illness do not demonstrate "cause" to excuse procedural default); *Cawley v. DeTella*, 71 F.3d 691, 696 (7th Cir. 1995). Therefore, Bryant's alleged mental health conditions do not serve as a basis by which the court can excuse his procedural default.

As a final matter, to the extent Bryant claims in his petition that his due process rights were violated because IDOC officials violated prison policy by failing to consider his mental health conditions, that contention fails. ECF 2 at 2. Here, Bryant relies on a provision of IDOC policy that states a mental health professional should have been consulted to determine if his conduct stemmed from his alleged conditions. ECF 18 at 3-4, 10. However, habeas corpus relief can only be granted for "violation[s] of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a). Failure to follow prison policy is not a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief") and *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison did not follow

4

internal policies had "no bearing on his right to due process"). Therefore, the sole ground Bryant raised in his petition cannot be remedied in a habeas corpus petition.

ACCORDINGLY:

The warden's motion to dismiss (ECF 13) is GRANTED and Elmer Bryant's petition (ECF 2) is DISMISSED WITH PREJUDICE.

Bryant's motion to suppress (ECF 11), motion to appoint counsel (ECF 16), and motion for the court to request the video footage of the incident (ECF 17) are DENIED AS MOOT.

The Clerk is DIRECTED to close the case.

SO ORDERED on February 6, 2019.

                                           /s/ Philip P. Simon
                                           JUDGE
                                           UNITED STATES DISTRICT COURT